# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**ROBERT SARRELS, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

v.            **CASE NO. 3:18-CV-00187 BSM**

**THE LILLY COMPANY**            **DEFENDANT**

## ORDER

Robert Sarrels's motion for conditional certification [Doc. No. 12] is denied without prejudice.

Sarrels is suing The Lilly Company under the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act for overtime compensation violations. He seeks conditional certification of a collective action for a class of similarly situated individuals.

Many district courts in the Eighth Circuit use a two-step approach in collective actions to determine whether certification of a similarly situated class is proper. *Cruthis v. Vision's*, No. 4:12-cv-244 KGB, 2013 WL 4028523, at *1 (E.D. Ark. Aug. 7, 2013). At the first stage, the district court determines whether notice of the action should be given to potential plaintiffs. *Collins*, 2013 WL 1668984 at *2. The plaintiff bears the burden of proof at this stage and "can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* Plaintiffs may do this "by presenting detailed allegations supported by affidavits, but [not] through unsupported assertions of additional plaintiffs and widespread FLSA violations." *Butcher v. Delta Mem. Hosp.*, No. 5:12-cv-000241, 2013 WL

1668998 at *2 (E.D. Ark. Apr. 17, 2013) (internal quotation marks omitted). Although the standard at the notice stage is fairly lenient and typically results in certification, *Collins*, 2013 WL 1668984, at *2, "it is not invisible." *Magsby v. Caruso Trucking, Ltd.*, No. 4:17-cv-00086 BRW, 2017 WL 6945582, at *1 (E.D. Ark. May 31, 2017) (internal quotation marks omitted).

In determining whether an opt-in class is appropriate for conditional certification, the primary question is not whether there has been a violation of the law, but whether plaintiffs have established that similarly situated members of a potential class exist. *Butcher*, 2013 WL 1668998 at *1–3; *In re Pilgrim's Pride Fair Labor Standards Act Litig.*, No. MDL 1:07 CV 1832, 2008 WL 4877239, at *3 (W.D. Ark. Mar. 13, 2008). The FLSA does not expressly define "similarly situated," *Madden v. Lumber One Home Ctr. of Stuggart Inc.*, No. 4:10-cv-01162 JLH, 2010 WL 4974971, at *4 (E.D. Ark. Dec. 2, 2010), but factors often considered include (1) whether the plaintiffs hold the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar. *Cruthis*, 2013 WL 4028523 at *2.

Although the bar is low for conditional certification, plaintiffs must do more than merely speculate that putative opt-in plaintiffs would be interested in joining the collective

action to avoid wasting limited judicial resources. *Pressler v. Envtl. Servs. Co., Inc.*, Doc. No. 13, 4:19-CV-00007 BSM (April 3, 2019); *Collins v. Barney's Barn, Inc.*, No. 4:12-cv-00685 SWW, 2013 WL 1668984 at*3 (E.D. Ark. Apr. 17, 2013). Sarrels fails to chin the low bar. In support of his motion, Sarrels filed only his declaration and the Rule 30(b)(6) deposition of The Lilly Company human resources manager. Sarrels Decl., Doc. No. 12-7. The human resources manager testified that there are 25 current and many former department managers. Boylan Dep. at 14:5–15:6, 23:9–17, Doc. No. 12-8. Sarrels's declaration lists the job duties of a department manager and that he is "unable to state the exact number of the potential members" but believes there would be more than 40 and less than 60. *Id.* ¶ 15. Based on his discussions with other department managers, he "believe[s] that there would be others that would want to join this lawsuit if notice were sent to them and they were made aware of their right to claim lawful wages." *Id.* ¶ 16. The deposition and declaration do not show that there are similarly situated plaintiffs who wish to join a collective action.

For these reasons, Sarrels's motion for conditional certification [Doc. No. 12] is denied without prejudice.

IT IS SO ORDERED this 6th day of August 2019.

_____
UNITED STATES DISTRICT JUDGE